**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-cr-20004-JEM/Becerra

UNITED STATES OF AMERICA,

v.

MANUEL A. BARBEITO,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    **THIS CAUSE** came before the Court Defendant Manuel A. Barbeito's ("Defendant") Unopposed and Renewed Motion to Continue Sentencing Hearing.  ECF No. [29].  The District Court rescheduled the sentencing hearing in this case for July 22, 2022, ordering that "Defendant is expected to voluntarily surrender the date of the Sentencing Hearing should his sentence include incarceration."  ECF No. [30] at 1.  Furthermore, the District Court referred this matter to the undersigned to determine "whether further delaying Defendant's Sentencing Hearing is warranted as it relates to this Order and Defendant's Unopposed and Renewed Motion to Continue Sentencing Hearing."  *Id.* at 2.  On July 8, 2022, the Parties appeared for a hearing on this matter.  ECF No. [34].  Upon due consideration, it is **RECOMMENDED** that Defendant not be sentenced or required to surrender until after the government no longer requires his attendance for trial.

    1.    Defendant is currently in a cooperative posture with the Government and is expected to testify at a trial in this District scheduled to being on October 11, 2022.  *See United States v. Martinez*, No. 1:22-cr-20038-KMW (S.D. Fla. May 23, 2022), ECF No. [35].

    2.    Defendant's counsel represented to the Court that Defendant suffered a massive "widow maker" heart attack on May 16, 2021.  Counsel stated that Defendant underwent triple by-

1

pass surgery on June 10, 2021, continues to require sophisticated medical care, and will require such care during any term of incarceration. Counsel indicated that Defendant continues to experience shortness of breath when performing menial tasks and continues to present a diagnosis of moderate to severe heart failure. At this time, counsel believes that Defendant should be designated to a federal facility in North Carolina suited to handle his current medical condition.

3. If Defendant is incarcerated before his cooperation is complete, he will have to be brought back to this jurisdiction for trial preparation and testimony. The process of bringing him back to this District by way of a writ could be particularly arduous for Defendant given his medical condition.

4. Given Defendant's medical issues, counsel requests that either the sentencing be continued, or that Defendant's surrender date be set for a time after his cooperation is complete. Defendant defers to the Court as to whether the surrender date or the sentencing hearing should be continued.

5. At the hearing, the Government indicated that, at the very least, Defendant should not be incarcerated until after it concludes trial preparations, and therefore, requests another month before Defendant begins to serve any term of imprisonment. Although the Government's initial request was that the sentencing now set for July 22, 2022 be continued for one month, it has no objection to continuing the sentencing or surrender date until after Defendant's cooperation is complete. The Government takes no position as to whether the Court should sentence Defendant and delay his surrender, or simply continue his sentencing date until after cooperation is complete.

6. The Court has reviewed the PSI for purposes of confirming Defendant's medical conditions, and heard argument from counsel. Given Defendant's continued cooperation and his medical conditions, the Court finds it reasonable that Defendant not be sentenced and/or not

surrender until his cooperation is complete.  Although Defendant could certainly be brought back on a writ, given the recommendation of both parties and Defendant's medical issues, the undersigned recommends that Defendant's incarceration be delayed until such time as his cooperation is complete.[1]

7. Neither party expressed any preference as to whether the sentencing date or the surrender date should be continued, and the undersigned leaves that determination to the District Court.  The undersigned does recommend that Defendant be allowed to remain on bond until his cooperation has concluded, which is expected to be after the October 2022 trial date.

**DONE AND SUBMITTED** in Chambers at Miami, Florida on July 12, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

---

[1] In addition, the undersigned notes that based both on Defendant's cooperation and/or his medical condition (which the PSI notes could be subject to a downward departure), there is some possibility that Defendant could be sentenced to a short term of incarceration (or no period of incarceration) such that the delay of either the sentencing or the surrender date would be appropriate.